**LAW OFFICE OF JEFFREY S. YOUNG**
**JEFFREY S. YOUNG, SB# 172016**
1307 State Street, 1st Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
Tel: (805) 884-0338
Fax: (805) 884-0799

Attorney for Plaintiff
SCOTT WESTMORELAND

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| SCOTT WESTMORELAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZAZZLE, INC., a California corporation, and DOES 1 to 50,<br><br>Defendants. | Case No. 8:17-cv-00820<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### FOR COPYRIGHT INFRINGEMENT

Plaintiff, Scott Westmoreland ("Westmoreland"), by its undersigned counsel, for its complaint against Zazzle, Inc., and DOES 1 to 50, ("Defendants"), alleges as follows:

## PARTIES

1. Scott Westmoreland ("Plaintiff" or "Westmoreland") is an individual residing in Anaheim, California.

2. Zazzle, Inc. ("Defendant" or "Zazzle") is a California corporation with a principle place of business in Redwood City, California.  Zazzle has designated Melanie Sherk as its agent under the Digital Millennium Copyright Act, to receive notifications of claimed infringements.  Zazzle, Inc. owns and operates the website www.zazzle.com through which is advertised, marketed, reproduced, manufactured, printed, distributed and sold, items that infringe Plaintiff's copyrights.

3. Westmoreland is ignorant of the true names of Defendants sued herein using the fictitious names Does 1 to 50.   Westmoreland will amend this complaint when the true names of Does 1 to 50 are discovered.

## JURISDICTION AND VENUE

4. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*.  This Court has subject-matter jurisdiction over this action pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

5. Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C.§§ 1391(b) and (c).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400(a) because Defendants advertise, market and sell goods in this district via the Internet or directly.  Defendants' wrongful conduct caused harm in this district, which harm Defendants knew and/or intended would occur in this district.

# FACTUAL BACKGROUND
## SCOTT WESTMORELAND

7. Scott Westmoreland is a nationally known artist who graduated with a degree in art from Cal State, Fullerton in 1991. Mr. Westmoreland spent the first decade of his career as a designer and illustrator in the entertainment industry creating original posters, programs, brochures and multi-use images for major theatrical productions nation-wide, including tours and the Broadway stage. Mr. Westmoreland served as a comprehensive artist for the motion picture industry and its advertisers, as well as a regular contractor for the Walt Disney Company and MCA Universal.

8. In 1996, Mr. Westmoreland was asked to become a full-time Staff artist at Disney, where he created numerous marketing, merchandising and collector edition pieces, as well as countless conceptual and developmental campaigns for Michael Eisner.

9. Mr. Westmoreland rejoined the freelance world in 2001 where he has concentrated his efforts in the fine art arena. Mr. Westmoreland subsequently licensed his fine art images onto many various products including calendars, puzzles, wall murals, clocks, 3-D sculptures, coasters, wallpaper borders, clothing and much more. His surf, woodie car, tropical and pinup girl series have made him a recognizable name on the national art scene.

10. Mr. Westmoreland was a "top 100" seller on Art.com. He has been featured on television shows like Fox's "Trading Spouses," ABC Family's "Knock First," and in publications like "Decor" and "Total Art Licensing." In addition, he has published a limited edition fine art (giclée on canvas) series.

## Zazzle, Inc.

11. Founded in 1999, but publicly launched in 2005, Zazzle is an e-commerce vendor that allows users to upload images of artwork, slogans, and designs for manufacturing and printing by Zazzle on products such as shower curtains, magnets, postcards, water bottles, travel bags, coffee mugs, travel posters, t-shirts, buttons, iPad sleeves, decals, note cards, hoodies, greeting cards, sweatshirts, wall art posters, baseball jerseys, beer labels, mouse pads, jigsaw puzzles, ornaments, tank tops, key-holders, cufflinks, aprons, flip-flops, journals, swerving platters, cutting-boards, and a myriad of other such products.  These products are then offered for sale to the public as alleged herein.

12. According to a recent press release, "Zazzle is the world's leading platform for quality custom products.  Zazzle's proprietary technology enables individuals, professional artists and major brands, including Disney and Warner Bros, to create and offer billions of unique products for customers worldwide.  Creations from 600,000+ designers and hundreds of major brands are available on hundreds of product lines, with near infinite variations.  Zazzle's patented technology precisely visualizes exactly what the customer will receive even before the product is made, on-demand.  Launched in 2005 and based in Redwood City, California, Zazzle's vision is to redefine commerce, powered by the world's imagination."

13. While Zazzle has created strategic partnerships with many major brands such as Disney, it also has a large number of "designers" (over 600,000).  These designers are individuals who set up accounts with Zazzle, upload images to Zazze.com, and receive royalties for products that contain reproductions of those images, that are manufactured, printed, and sold by Zazzle.

4

COMPLAINT FOR COPYRIGHT INFRINGEMENT

14. The designers are also able to choose a royalty rate to receive in connection with any product that is sold by Zazzle in combination with that individual's uploaded image(s).  Zazzle starts with a base product price and the designer chooses the royalty rate to receive on top of that base price, which increases the product price to account for the royalty rate.  Consequently, Zazzle makes a set amount for each product that it sells, regardless of the designer, the royalty rate, or the image printed.  Zazzle thereby receives a financial benefit on each item that it sells, including those items that infringe on copyrights.

15. It is in Zazzle's best interest to have a high variety of quality images on its website in order to attract customers looking for everything and anything to print on Zazzle's catalog of blank products.  It financially benefits Zazzle to have its designers upload popular images such as those created by Westmoreland because they will naturally lead to greater product sales compared to images of lower artistic quality.

16. Zazzle holds a large inventory of blank items (e.g., shirts, mugs, key rings, etc.) at its warehouse(s) and prints images on those items only after a product is ordered by an end user buyer through the Zazzle.com website.  Generally, Zazzle will need to digitally modify an image from its original form in order to fit the aspect ratio of the end item.

17. When a buyer purchases an item, a Zazzle employee or contractor will take a blank version of that item from the Zazzle warehouse and print the selected image on the item.  Zazzle then packages and ships the purchased product(s) in a box bearing its Zazzle trademark.  Consequently, Zazzle has both the right and the ability to supervise and control the infringing conduct because it is Zazzle's own employees and/or agents who are actually manufacturing the infringing products.

18. Zazzle manages all material aspects of the transactions conducted on its website, including internet hosting, marketing, search engine optimization, production of merchandise, shipping, invoicing, billing, product return, and refunds.  The third-party designers' role is limited to only uploading images, choosing the items to offer in connection with those images, setting the royalty rate and waiting for the royalty checks to come in.

19. Zazzle knows that a certain number of images that are uploaded by its third-party designers are infringing the copyrights of others.  Despite this knowledge, Zazzle does very little to protect the rights of copyright owners.  Instead, Zazzle places the responsibility on the copyright owner to discover the infringements on Zazzle's website and to then send "take down" notices to Zazzle, as would normally be required in connection with the electronic display of images by a party claiming safe harbor under the Digital Millennium Copyright Act (the "DMCA").

20. Since June 2016, Plaintiff has found infringing activity being conducted through the Zazzle website and has notified Zazzle of such activity on four occasions; June 11, 2016, December 29, 2016, February 28, 2017 and May 4, 2017.  Zazzle's repeated infringing activity, after having received repeated notices of infringement, proves that Zazzle has failed to exercise its right and ability to supervise and/or control the infringing activity being conducted through its services.

## THE INFRINGED ARTWORK

21. Relevant to this action, Westmoreland painted 6 separate original pieces of artwork ("Artwork") entitled:

    1.  Surfin' USA.
    2.  Surf Shack.
    3.  Starting Lineup.

  4. G'Day Mate.

  5. Surfer Girl.

  6. Waikiki Pinup.

22. At all times relevant herein, Westmoreland has complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights of the Artwork.

23. A registration for "Surfin' USA" was issued by the U.S. Copyright Office effective on September 25, 2007, bearing Registration Number VA1-634-074. Attached as part of Exhibit "A" is a true and correct copy of the certificate of registration for "Surfin' USA."

24. A registration for "Surf Shack" was issued by the U.S. Copyright Office effective on October 29, 2007, bearing Registration Number VA1-631-104. Attached as part of Exhibit "B" is a true and correct copy of the certificate of registration for "Surf Shack."

25. A registration for "Starting Lineup" was issued by the U.S. Copyright Office effective on May 21, 2007, bearing Registration Number VA1-416-155. Attached as part of Exhibit "C" is a true and correct copy of the certificate of registration for "Starting Lineup."

26. A registration for "G-Day Mate" was issued by the U.S. Copyright Office effective on October 29, 2007, bearing Registration Number VAu-955-134. Attached as part of Exhibit "D" is a true and correct copy of the certificate of registration for "G-Day Mate."

27. A registration for "Surfer Girl" was issued by the U.S. Copyright Office effective on July 25, 2014, bearing Registration Number VA1-922-847. Attached as part of Exhibit "E" is a true and correct copy of the certificate of registration for "Surfer Girl."

28. A registration for "Waikiki Pinup" was issued by the U.S. Copyright Office

effective on July 25, 2014, bearing Registration Number VA1-922-847. Attached as part of Exhibit "F" is a true and correct copy of the certificate of registration for "Waikiki Pinup."

29. Attached and included within each of the exhibits ("A" to "F") containing the Artwork U.S. Copyright Office certificates of registration, are screen shots of the infringing displays from the Zazzle.com website. The screen shots immediately follow the certificates of registration.

## COUNT I

## COPYRIGHT INFRINGEMENT, U.S.C. § 501 ET SEQ.

(For Direct Copyright Infringement)

30. Plaintiff incorporates the prior paragraphs by reference as though fully set forth herein.

31. Westmoreland owns all title and interest in the copyrights of the Artwork and the right to enforce the copyrights that have been publicly displayed, reproduced, copied, sold, and distributed by Zazzle.

32. Zazzle, without authorization, has willfully, intentionally, and deliberately infringed the copyrights of the Artwork by unlawfully publicly displaying, reproducing, copying, manufacturing, printing, selling and distributing copies in violation of the Unites States Copyright Act, 17 U.S.C. § 501, *et seq.* and to this day continues to do so.

33. Zazzle had and continues to have access to the Artwork by nature of the fact that they are sold nationally, displayed in many online catalogs, displayed on the Internet and uploaded to its website by its designers.

34. Westmoreland is entitled to recover Zazzle's profits, or at Westmoreland's election, statutory damages in accordance with 17 U.S.C. § 504.

35. Westmoreland is entitled to recover costs and attorney's fees in accordance with 17 U.S.C. § 505.

# COUNT II

## COPYRIGHT INFRINGEMENT, U.S.C. § 501 ET SEQ.

(For Vicarious and/or Contributory Copyright Infringement)

36. Plaintiff incorporates the prior paragraphs by reference as though fully set forth herein.

37. Zazzle knowingly induced, participated in, aided and abetted in and profited directly from the unauthorized uploading of the Artwork by Zazzle's third-party designers, and which provided Zazzle with the high quality art of Westmoreland to offer to its end customers for the subsequent sales of products imprinted with such Artwork, as alleged hereinabove.

38. As such, Westmoreland alleges that Zazzle is vicariously liable for the infringements alleged herein because; a) it had the right and ability to supervise and/or control the infringing conduct, b) it had a direct financial interest in the infringing conduct, and c) it failed to exercise its right and ability to supervise and/or control the infringing conduct.

39. Westmoreland is entitled to recover Zazzle's profits, or at Westmoreland's election, statutory damages in accordance with 17 U.S.C. § 504.

40. Westmoreland is entitled to recover costs and attorney's fees in accordance with 17 U.S.C. § 505.

## PRAYER FOR RELIEF

Wherefore, for the reasons set forth above, Westmoreland prays for judgment against all Defendants as follows:

1. Judgment in favor of Westmoreland and against all Defendants;

2. Pursuant to 17 U.S.C. section 502, grant a permanent injunction prohibiting Zazzle from copying, manipulating, reproducing, printing,

distributing, selling or displaying the Artwork or derivatives thereof;

3. An Order requiring Zazzle to review all uploaded images by its "designers" to insure that none of the images are protected by Westmoreland's copyrights;

4. Pursuant to 17 U.S.C. section 504, award to Westmoreland statutory damages of up to $150,000 per infringement, or, in the alternative, all actual damages suffered by Westmoreland and all profit earned by Zazzle attributable to the copyright infringements;

5. Pursuant to 17 U.S.C. section 505, award Westmoreland his full costs in litigating this matter, including reasonable attorney's fees;

6. A full accounting by Zazzle of all profits attributable to the infringements; and

7. Granting Westmoreland such other and further relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Westmoreland demands a trial by jury on claims so triable.

Respectfully submitted,

Dated: May 8, 2017            LAW OFFICES OF JEFFREY YOUNG


By: /s/ *Jeffrey S. Young*
Jeffrey S. Young, Attorney for
Plaintiff Scott Westmoreland